

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# Mary White v. Supreme Ct of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3818

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mary White v. Supreme Ct of NJ" (2009). *2009 Decisions.* Paper 1653.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1653

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-103                                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3818
_____

MARY E. WHITE,
                    Appellant
                         v.

SUPREME COURT OF NEW JERSEY;
CHIEF JUSTICE STUART RABNER

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-02300)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2009

Before:  McKEE, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed: March 27, 2009)
_____

OPINION
_____

PER CURIAM

       Mary White, proceeding pro se, appeals the orders of the United States District

Court for the District of New Jersey dismissing her case and denying her motion for

reconsideration, respectively.  Because the appeal does not present a substantial question,

we will summarily affirm the District Court's orders.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

In May 2008, White initiated the instant action against the New Jersey Supreme Court and its Chief Justice by filing an "amended notice of appeal"[1] in the District Court. White sought review of the New Jersey Supreme Court's denial of her petition for certification in a child custody case.[2]  In addition to her amended notice of appeal, White filed a document entitled "Certification for Representation Application."  Although this document essentially recounted a number of problems that allegedly had arisen in White's numerous New Jersey state court cases, her later filings suggest that she filed this document either to contest her lack of counsel in those New Jersey state court cases or to obtain court-appointed counsel in the instant case.[3]

---

[1] It appears that the District Court Clerk's office rejected White's original "notice of appeal" in April 2008.

[2] It appears that one of the claims White raised in her petition was that she was entitled to attorney's fees for pro se work she had completed in that case.  Her attempt in the instant case to invoke the Equal Access to Justice Act as a means of obtaining attorney's fees in her state court case is misplaced, as the statute is clearly inapplicable here.  See 28 U.S.C. § 2412(d)(1)(A).

[3] In White's motion for reconsideration before the District Court, she requested that the court "grant my Application for Representation (sent with Certification)."  Later, in a July 2008 filing, she stated that her motion for reconsideration included "a request to reconsider denial of [r]epresentation."  Finally, in her notice of appeal, she notes that she has "made several attempts to get [r]epresentation in all court matters," and that she is "without [r]epresentation."

2

Later in May 2008, the District Court dismissed White's claims sua sponte pursuant to 28 U.S.C. § 1915. The court liberally construed White's filings as either seeking direct appellate review of the New Jersey Supreme Court's decision or asserting claims under 42 U.S.C. § 1983. The court concluded that (1) under the Rooker-Feldman doctrine, the court lacked jurisdiction to exercise appellate review over the state court's decision; and (2) White's § 1983 claims were barred by the doctrine of judicial immunity. In June 2008, White moved for reconsideration of the dismissal, which the District Court denied in August 2008. White now timely appeals the District Court's May and August 2008 orders to this Court.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of White's claims. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (exercising plenary review over district court's invocation of Rooker-Feldman doctrine); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (exercising plenary review over district court's dismissal of complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)). To the extent White sought appellate review of the New Jersey Supreme Court's decision, the District Court correctly invoked the Rooker-Feldman doctrine and dismissed her claims for lack of jurisdiction. Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to review certain state court decisions. Turner, 449 F.3d at 547. The doctrine applies to "cases brought by state-court losers complaining of injuries caused by

3

state-court judgments rendered before the district court proceedings commenced and inviting district court view and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Although Rooker-Feldman is a very narrow doctrine, see Exxon Mobil, 544 U.S. at 284, it nevertheless is implicated here, as the instant claims (1) were raised after the New Jersey Supreme Court's adverse ruling and (2) sought to nullify that ruling.

The District Court also correctly concluded that White's claims fail as 42 U.S.C. § 1983 claims. In most circumstances, § 1983 bars injunctive relief claims against judicial officers for acts or omissions made in their judicial capacity. See 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Given that the exceptions to this provision do not apply here, White's claims, to the extent they seek to attack the Chief Justice of the New Jersey Supreme Court for his ruling in her state court case,[4] are barred. Furthermore, to the extent White's "Certification for Representation Application" can be construed as alleging a violation of her right to counsel in the state court proceedings, this claim is without merit, as a civil litigant does not have a constitutional right to counsel. See Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997).

---

[4] Chief Justice Rabner denied White's state court motion seeking reconsideration of the New Jersey Supreme Court's denial of her petition for certification.

Accordingly, we will summarily affirm the District Court's dismissal of White's claims and the court's denial of her motion for reconsideration.