**Mary E. WHITE, Appellant**

v.

**Chief Justice Stuart RABNER, Supreme Court of New Jersey.**

**No. 09–3021.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 03, 2009.

Opinion filed: Sept. 18, 2009.

**682**

Mary E. White, Rahway, NJ, pro se.

Atty Gen NJ, Esq., Office of Attorney General of New Jersey, Division of Criminal Justice, Trenton, NJ, for Defendant–Appellee.

Before: McKEE, FISHER and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

In December 2008, Appellant Mary White commenced this action by filing a "Notice of Appeal" in the District Court, which the court treated as a complaint. This filing sought review of several rulings made by New Jersey Supreme Court Chief Justice Stuart Rabner in White's various state court proceedings. White requested that the District Court "[u]phold my Constitutional Rights, including but not limited to a fair hearing in an unbiased court," provide her with "the transcripts and representation needed for equal access to justice," and "[r]ecuse [Chief Justice Rabner] ... from presiding over any of [White's] hearings and to conduct a Judicial Review based on the six complaints filed against him this year." In June 2009, the District Court dismissed White's claims sua sponte, concluding that the *Rooker–Feldman* doctrine and principles of judicial immunity barred the court's review.[1] This appeal followed.[2]

 The District Court did not err in dismissing White's claims. The *Rooker–Feldman* doctrine bars a federal district court from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Although this doctrine is narrow, *see id.*, we agree with the District Court that it applies here to White's challenge to the decisions in her various state court proceedings. Her

---

1. The court noted that White had recently filed a similar complaint before another judge in the same District. In that earlier case, the court dismissed White's complaint sua sponte, and we summarily affirmed on appeal. *See*

*White v. Sup.Ct. of N.J.*, 319 Fed.Appx. 171 (3d Cir.2009) (non-precedential opinion).

2. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

claim against Chief Justice Rabner individually is barred as well. Under 42 U.S.C. § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." In requesting Chief Justice Rabner's recusal and "judicial review," White did not establish that he violated a declaratory decree or that declaratory relief was unavailable.

Accordingly, we will summarily affirm the District Court's order dismissing White's claims. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.